IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| STRATOSAUDIO, INC., <br>     *Plaintiff* <br><br> -vs- <br><br> VOLKSWAGEN GROUP OF AMERICA, INC., <br>     *Defendant* | § § § § § § § § § § | 6:20-CV-01131-ADA |

### AMENDED[1] MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Volkswagen Group of America, Inc.'s ("Volkswagen") Rule 12(b)(3) Motion to dismiss or transfer for improper venue pursuant to 28 U.S.C. §§ 1400(b) and 1406(a). Dkt. 16. After careful consideration of the relevant facts, applicable law, the parties' briefs and oral arguments, the parties' supplemental memorandums, and the Federal Circuit's Order (Dkt. 94), the Court **GRANTS** Volkswagen's Motion.

### I.   BACKGROUND

Plaintiff StratosAudio, Inc. ("StratosAudio") filed this action against Volkswagen on December 11, 2020, asserting infringement of seven patents by Volkswagen's vehicles with certain infotainment systems. Dkt. 1. On February 19, 2021, Volkswagen moved to dismiss or transfer the action for improper venue under Rule 12(b)(3). Dkt. 16.

StratosAudio is a Delaware corporation headquartered in Kirkland, Washington. Dkt. 1 at 1, ¶ 2. Volkswagen is a New Jersey corporation with its principal place of business in Herndon, Virginia. *Id*. at 2, ¶ 7. Volkswagen may be served through its registered agent for service in Austin,

---

[1] Amended to fix minor errors. The earlier order, Dkt. 96, is vacated.

1

Texas, within this District, and has been registered to do business in the State of Texas since at least June 7, 1973. *Id.*

For propriety of venue, Plaintiff alleges that Volkswagen conducts its business of the exclusive distribution of new Volkswagen and Audi automobiles to consumers in this District through its authorized dealers in Austin and Waco and exercises control over those dealerships. *Id*. at 3–5, ¶¶ 10–14.

## II.   LEGAL STANDRD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). "Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law," rather than regional circuit law. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018). "[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *Id*. at 1013–14. Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue. *Castaneda v. Bradzoil, Inc*., No. 1:20-CV-1039-RP, 2021 WL 1390423, at *1 (W.D. Tex. Apr. 13, 2021). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Id*. (citing *Braspetro Oil Servs. Co. v. Modec (USA), Inc*., 240 F.App'x 612, 615 (5th Cir. 2007) (per curiam)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco, Inc. v. Bossclib, B.V*., 570 F.3d 233, 237–38 (5th Cir. 2009).

Section 1400(b) provides that venue in patent cases is proper "[1] where the defendant resides, or [2] where the defendant [a] has committed acts of infringement and [b] has a regular and established place of business." 28 U.S.C. § 1400(b). Under the first prong, the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Under the second prong, the Federal Circuit interpreted, in *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017), "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at 1360. Regarding the first requirement, a "place" refers to a "'building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted." *Id.* at 1362 (citations omitted). Regarding the second requirement, "regular" means that the business must operate in a "'steady, uniform, orderly, and methodical' manner," and "sporadic activity cannot create venue." *Id*. (citations omitted). And the third requirement means that the place cannot be solely a place of the defendant's employee – "the defendant must establish or ratify the place of business." *Id.* at 1363. Subsequently, in *In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020), the Federal Circuit added a fourth requirement: "a 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'"[2] *Id.* at 1345.

---

[2] In *Google*, Federal Circuit considered this requirement as part of the second *Cray* factor. *In re Google LLC*, 949 F.3d 1338, 1344 (Fed. Cir. 2020) ("We agree . . . that under the second *Cray* factor, a 'place of business' generally requires an employee or agent of the defendant to be conducting business at that place."). However, this *Google* requirement is essentially a different requirement than the original second *Cray* requirement, which places more focus on the phrase "regular and established." Therefore, this Court treats the *Google* requirement as a fourth requirement in addition to the three *Cray* requirements.

### III. DISCUSSIION

The main dispute before the Court is whether Volkswagen has "a regular and established place of business" in this District by way of its dealerships. The Federal Circuit held that "dealerships located in the Western District do not constitute regular and established places of business of Volkswagen and Hyundai under § 1400(b)." Dkt. 94 at 7. All of Plaintiff's arguments hinge on the dealerships. Therefore, 28 U.S.C. § 1400(b) cannot be met.

### IV. CONCLUSION

For the reasons above, the Court finds that Defendant lacks a "regular and established place of business" in the Western District of Texas and venue is improper in this District under Section 1400(b). The Court therefore **GRANTS** Defendant's Motion to Dismiss or Transfer.

Because Volkswagen maintains a place of business in Auburn Hills, Michigan (Dkt. 16 at 5), it is hereby **ORDERED** that this case is to be transferred to the United States District Court for the Eastern District of Michigan.

SIGNED this 10th day of March, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE